IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JILL KRAWCZYSZYN, ) | CASE NO. 1:21 CV 85 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | <u>MEMORANDUM OPINION</u> |
| ) | <u>AND ORDER</u> |
| COLUMBIAN LIFE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on Defendant's Motion to Dismiss the First Amended Complaint for Failure to State a Claim. (ECF #17). While styled as a Motion to Dismiss the First Amended Complaint, the motion in fact seeks only to dismiss count one for declaratory relief and count three for promissory estoppel. For the reasons that follow, Defendant's motion for partial dismissal of the First Amended Complaint is granted in part and denied in part.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff brings suit for benefits under a $250,000 life insurance policy (the "Policy") obtained by her sister, Kim Krawczyszyn ("the Insured"), from Defendant Columbian Life Insurance Company ("CLIC"). Plaintiff was named as the beneficiary under the policy. CLIC issued the Policy to the Insured on February 12, 2018. Plaintiff states that her sister shared with her that the Policy was issued and in full force and effect and requested that the Insured's final expenses be paid with the proceeds from the Policy. (First Amended Complaint, ECF #12 at ¶¶

7-8) The insured died on September 20, 2018. (Id. at ¶ 12) On March 4, 2020, CLIC informed Plaintiff by letter that "due to the material misrepresentations made in the application for insurance, the claim for benefits is denied and the coverage is rescinded." The letter included a check representing a refund of all premiums paid to the company for the Policy. (ECF #12-2)

The First Amended Complaint[1] asserts four claims: (I) Declaration that the Policy is in Full Force and Effect; (II) Breach of Contract; (III) Promissory Estoppel; and (IV) Bad Faith Failure to Honor Terms of the Policy. The Motion to Dismiss seeks dismissal of Counts I for Declaratory Relief and Count III for promissory estoppel.

## STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) allows a defendant to test the legal sufficiency of a complaint without being subject to discovery. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. Ohio 2003). In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favorable of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The court will not, however, accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See Twombly, 550 U.S. at 555; Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. Tenn. 2000). In order to survive a motion to dismiss, a complaint must provide the grounds

---

[1] Plaintiff's initial complaint asserted claims for declaratory relief (Count I), specific performance (Count II), breach of contract (Count III), equitable estoppel (Count IV) and bad faith (Count V). Following Defendant's Motion to Dismiss Counts I, II and IV, Plaintiff filed the First Amended Complaint (ECF #12) which mooted the first motion to dismiss.

-2-

of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see Association of Cleveland Fire Fighters v. City of Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Ohio Sept. 25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)"). Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable. *See Twombly*, 127 S. Ct. at 1974.

On a motion brought under Rule 12(b)(6), the court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. Ohio 2001).

## DISCUSSION

**1. Declaratory Relief**

Count I of the First Amended Complaint, titled " Declaration that Policy is in Full Force and Effect" provides in relevant part:

> 17. Insured and Plaintiff paid all premiums and/or otherwise satisfied all conditions and covenants and performed all things required under the contract between Plaintiff and Defendant.
>
> 18. At the time of Insured's death, the Policy was in full force and

> effect.
>
> 19. As the direct result of Defendant's bad faith insurance practices and its refusal to recognize the full force and effect of Plaintiff's life insurance Policy, Plaintiff has suffered damages exceeding $250,000, exclusive of interest, costs, and attorney's fees.

(ECF #12, ¶¶ 17-19)

Defendant moves to dismiss the count for declaratory judgment because Plaintiff's breach of contract claim has already accrued making the declaratory judgment claim duplicative. *Miami Valley Mobile Health Services, Inc. v. ExamOne Worldwide, Inc.*, 852 F.Supp.2d 925, 938 (S.D. Ohio 2012); *National Rifle Ass'n v. Magaw*, 132 F.3d 272, 279 (6th Cir. 1997).

Declaratory judgment is typically sought before an injury-in-fact has occurred. *National Rifle Ass'n*, 132 F.3d 272, 279. "It gives a means by which rights and obligations may be adjudicated in cases involving an actual controversy that has not reached the stage at which either party may seek a coercive remedy and in cases in which a party who could sue for coercive relief has not yet done so." It thereby minimizes "the danger of avoidable loss and unnecessary accrual of damages." *Miami Valley Mobile Health Servs., Inc.*, 852 F. Supp. 2d 925, 938 *citing* 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2751 (3d ed. 1998). While courts have the discretion to decide whether to entertain a declaratory judgment action, they typically "deny declaratory relief if an alternative remedy is better or more effective." *Putman v. Allstate Ins. Co.*, No. 1:21-CV-14, 2021 WL 1580836, at *3 (S.D. Ohio Apr. 22, 2021) citing *Grand Trunk Western R. Co. v. Consolidated*

*Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984).

In *Miami Valley*, the Defendant unilaterally terminated a licensing agreement between the parties. Plaintiffs asserted claims for breach of contract, breach of implied contract, and promissory estoppel seeking damages for Defendant's termination of the contract along with its claim for declaratory relief concerning the validity and enforceability of the contract at issue. The Court found that a declaratory judgment concerning the validity and enforceability of the agreements between the parties would not settle the entire controversy because the Plaintiffs would still need to pursue their other causes of action in contract or tort seeking monetary damages. Since "the validity and enforceability of the contracts have already been placed at issue, Plaintiffs' claim for damages is a better and more effective remedy" than their request for declaratory relief and the Court dismissed Plaintiffs' claim for declaratory relief. *Miami Valley Mobile Health Servs., Inc.*, 852 F. Supp. 2d 925, 938. *See also, e.g., Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 908 (6th Cir. 1999) ("it is clear in the present case that a declaratory judgment would be redundant with the relief already sought for breach of contract"); *McGlone v. Centrus Energy Corp.*, 2020 WL 4431482, at *16 (S.D. Ohio July 31, 2020) (dismissing claim for declaratory judgment as duplicative of plaintiff's claim for breach of contract); *Waldren v. Allstate Vehicle & Prop. Ins. Co.*, 2020 WL 5214608, at *9 (S.D. Ohio Sept. 1, 2020) (same); *Transworld Delivery, Inc. v. Fleurop–Interflora*, 261 F.Supp.2d 837 (E.D. Mich. 2003) (same); *Pakideh v. Ahadi*, 99 F. Supp. 2d 805, 809 (E.D. Mich. 2000) (same).

Here Plaintiff's claim for declaratory relief asserts that all premiums had been paid, all required conditions and covenants performed, and that the Policy was in full force and effect at

Insured's death. Plaintiff's breach of contract claim asserts that the Policy was in full force and effect at the Insured's death, Plaintiff gave Defendant timely notice and verification of the insured's death and demanded payment and that Defendant's refusal to pay the proceeds of the Policy was a breach of the contract resulting in damages exceeding $250,000. As in *Miami Valley*, because Plaintiff has suffered an injury in fact and seeks monetary damages under her breach of contract claim, the declaratory judgment claim adds nothing to her breach of contract claim and should be dismissed.

**2. Promissory Estoppel**

In Count III, Plaintiff asserts a claim for promissory estoppel as follows:

28. At the time of Insured's death, the Policy was in full force and effect.

29. Plaintiff and Insured reasonably relied on Defendant's explicit and/or implied representations and assurances that the Policy was in full force and effect.

30. It was foreseeable that Plaintiff and Insured would rely on Defendant's representations.

31. As a result of Insured and Plaintiff's reliance on Defendant's acts and omissions:

    a. Plaintiff and Insured did not seek alternate coverage;

    b. Plaintiff and Insured did not seek to rectify the unknown issues with coverage;

    c. Plaintiff is left without the benefits allocated to assist with Insured's funeral and estate expenses; and

32. Plaintiff was required to retain counsel and initiate a lawsuit in an effort to obtain the funds lawfully owed under the policy.

(ECF #12, ¶¶ 28-32) Defendant argues that Plaintiff's promissory esptoppel claim should be dismissed for two reasons. Firstly, because an insured generally cannot bring a promissory estoppel claim in a dispute over insurance coverage because the express contract controls. *See O'Neill v. Kemper Ins. Companies*, 497 F.3d 578, 583 (6th Cir. 2007). Secondly, because Plaintiff has failed to plead facts stating an estoppel claim with particularity sufficient to survive dismissal, particularly the required element of detrimental reliance.

In *O'Neill*, the Plaintiff, an insured under a professional liability policy, sought partial reimbursement for attorneys' fees and costs under the policy. The Sixth Circuit, applying Ohio law, upheld summary judgment in Insurer's favor on the promissory estoppel claim because in Ohio, "[w]here the parties have an enforceable contract and merely dispute its terms, scope, or effect, one party cannot recover for promissory estoppel..." *Id.* at 583 *quoting Terry Barr Sales Agency, Inc. v. All-Lock Co., Inc.*, 96 F.3d 174, 181 (6th Cir. 1996)(citing *Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 939 (6th Cir. 1989). Plaintiff argues that Defendant has not admitted that a valid contract between Plaintiff and Defendant ever existed, thus she should be permitted to plead promissory estoppel as an alternative to a breach of contract claim.

Regardless, Defendant argues that Plaintiff fails to allege detrimental reliance sufficient to state a claim of promissory estoppel. In *Talley v. Teamsters Local Number 377*, 48 Ohio St.2d 142, 146, 357 N.E.2d 44 (1976) (citing Restatement (Second) of Contracts § 90 (1973)), the court discussed promissory estoppel in a dispute over the value of a life insurance policy, "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." Thus, to demonstrate promissory

estoppel, the plaintiff must show: "1) a promise, clear and unambiguous in its terms; 2) reasonable and foreseeable reliance; and 3) injury resulting from the reliance." *CSX Transp., Inc. v. Occidental Chem. Corp.*, 130 F.Supp.2d 936, 947 (S.D.Ohio 2001) (*citing Nilavar v. Osborn*, 127 Ohio App.3d 1, 16, 711 N.E.2d 726 (1998)). In *Talley*, the beneficiary's son had life insurance through his Union. Under the collective bargaining agreement the insured was entitled to a $3000 life insurance policy but the Union fund's clerical staff mistakenly mailed the insured a pamphlet stating that he was insured for $7000 under the Union fund. The Court of Common Pleas entered judgment in favor of the beneficiary in the amount of $7000. The Court of Appeals reversed finding no detrimental reliance by either the insured or the beneficiary. The Supreme Court of Ohio affirmed the Court of Appeals noting that upon its examination of the record, the Court was "unable to discern any action or forbearance on the part of Marvin Talley or his beneficiary due to the receipt of the pamphlet describing the Plan VII benefit. *Talley*, 48 Ohio St.2d at 146. While the beneficiary argued that her son could have been, and inferentially was inhibited, from taking action to purchase additional life insurance because of the larger benefit, the Supreme Court concluded: "[w]e are not persuaded that this purported forbearance is of a sufficiently definite and substantial nature so that injustice will result if the 'promise' is not enforced." *Id*.

While a plaintiff may not collect under both a breach of contract and a promissory estoppel claim, alternative pleading is permitted. *Talley* was decided at the summary judgment stage after a record had been developed. Here we are at the motion to dismiss stage. While Plaintiff's allegations regarding detrimental reliance are conclusory at best, at this stage of the proceedings the promissory estoppel claim may remain.

## CONCLUSION

For the reasons set forth above, Defendant's Motion for Summary Judgment (ECF #17) is granted as to Count I for declaratory judgment and denied as to Count III for promissory estoppel. IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: June 30, 2021